No. 329.

THE STATE OF LOUISIANA VS. ANDERSON JONES.

The rule of law is well settled that a witness can not be impeached by proof of contradictory statements made by him. unless proper foundation has first been laid by asking him whether he has made such statements, giving particulars of time, place and circumstances, in order that he may have the opportunity of denying or admitting and explaining.

Evidence, inadmissible except for purpose of impeachment, is properly excluded when such foundation has not been laid.

State vs. Jones.

APPEAL from the Tenth District Court, Parish of Natchitoches. *Andrews, J.*

*P. Brazeale* and *J. R. Land,* District Attorneys, for the State, Appellee.

*M. L. Desmukes* for Defendant and Appellant.

⸱ The opinion of the court was delivered by

FENNER, J.   The errors complained of are presented on two bills of exceptionsr

1. Bush, a witness for the State, had sworn that he went to the house of the defendant on the night after the killing, which was the subject of the prosecution, and the defendant then told him that he was the man who killed deceased.   On cross-examination the witness was asked if Houston Ncre and others were present and heard the conversation between him and the accused, to which witness answered they were not, but came afterward.

Defendant then called Houston Nore to the stand, who swore that he went with Bush to defendant's house on the night in question, was present during the whole time he was there, and heard all that was said between the parties. He was then asked to state the whole conversation that passed between Bush and the accused—what Bush said and what defendant said about the killing.   To this the State objected and the court sustained the objection, on the grounds that, if introduced for the purpose of impeaching the testimony of Bush, the proper foundation had not been laid; and that, for any other purpose, the evidence was inadmissible as introducing the declarations of accused in his own interest and through his own witness.

The grounds of exclusion were clearly sufficient.

The rule of law is well settled that a witness can not be impeached by proof of contradictory statements unless a proper foundation has been first laid by asking whether he had made such statement, giving particulars of time, place and circumstance.   1 Greenleaf Ev., Sec. 462; Whart. Crim. Ev., Sec. 483; State vs. Johnson, 35 An. 871; State vs. O'Kean, Id. 901; State vs. Hampton, 33 An. 1252.

61*

The question objected to sought to elicit statements which had been made by Bush and by accused, and which could not be admissible except on the ground that they contradicted the statement to which Bush had sworn; and before they could be introduced for such purpose it was essential, under the rule, that the substance of the contradictory matter should have been stated to Bush, and he should have been asked whether the statements had been made, thus calling his attention to them and giving him the opportunity of explaining them. This was not done and the evidence was properly excluded.

2. The same principle is applicable and is equally fatal to the second bill of exceptions.

The State witness, Bush, was asked on cross-examination if he had not asked one John Houston, at a time and place designated, to swear that Jones killed the deceased, to which he answered, "No." Bush was then asked if he had any conversation with Houston at said time and place, which he denied.

Houston was then placed on the stand for the purpose of impeaching the witness, but stated that Bush had not asked him to swear that Jones did the killing. Houston was then asked whether, at the time and place designated, Bush had not told him that he did not know who killed deceased.

This was objected to and objection was properly sustained. Bush had not been asked whether he had made such statement. His denial that he had had any conversation with Houston was properly traversable by proof that he did have such conversation, but it could not be made the basis for evidence as to particular declarations made which had not been disclosed to the witness or called to his attention.

Judgment affirmed.